Douglas N. Silverstein, Esq. (SBN 181957)
Mia Munro, Esq. (SBN 281317)
KESLUK & SILVERSTEIN, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069-3309
Telephone: (310) 273-3180
Facsimile: (310) 273-6137
dsilverstein@californialaborlawattorney.com
mmunro@californialaborlawattorney.com

Attorneys for Plaintiff ROBERT KALESTIAN

FILED
CLERK, U.S. DISTRICT COURT

August 22, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: CMJ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT KALESTIAN, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>PERFORMING ARTS CENTER OF LOS ANGELES COUNTY, a California Corporation and DOES 1 through 35, inclusive,<br><br>        Defendants. | CASE NO. CV16-05928 CAS (SKx)<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **Retaliation in Violation of the Family and Medical Leave Act**<br><br>**PUNITIVE DAMAGES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**UNLIMITED JURISDICTION**<br><br>Complaint Filed: June 24, 2016<br>Date Removed: August 10, 2016<br>Trial Date: Not Set |

Kesluk, Silverstein, & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

0

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff ROBERT KALESTIAN, an individual, alleges as follows:

1. Plaintiff ROBERT KALESTIAN ("Plaintiff") is, and at all times relevant to this Complaint was, an individual residing in the County of Los Angeles, State of California.

2. Defendant PERFORMING ARTS CENTER OF LOS ANGELES COUNTY, or collectively with all Defendants and DOES ("Defendants") is, and at all times relevant to this Complaint was, a corporation authorized to do business in the County of Los Angeles, State of California. Defendants, at all relevant times, employed five or more employees.

3. Plaintiff does not know the true names or capacities of the Defendants sued as DOES 1 through 35, inclusive. Thus, Plaintiff sues these Defendants under fictitious names. When their true names and capacities have been ascertained, Plaintiff will amend this Complaint. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named Defendants were the agents, servants, and employees of each of the named Defendants and, in doing the acts and things alleged, were at all times acting within the course and scope of that agency, servitude, and employment and with the permission, consent, and approval, or subsequent ratification, of each of the named Defendants. Reference to "Defendants" includes the named Defendant and the DOE Defendants.

4. Plaintiff is informed and believes, and based thereon alleges, that at all material times, each of the Defendants designated herein as a "DOE" Defendant was legally responsible by agency, contract or agreement, negligently or in some other actionable manner, for the events and happenings referred to herein which caused the damages hereinafter alleged.

5. Plaintiff is informed and believes, and based thereon alleges, that at all material times, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and each of them was at all material times acting within the purpose and scope of such agency and employment.

Kesluk, Silverstein, & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

1

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

6.      Plaintiff is informed and believes, and based thereon alleges, that at all material times, one or more of each named and/or unnamed Defendants was in some fashion, by contract or otherwise, the predecessors, affiliates, alter egos, assigns, joint-venturers, co-venturers or partners of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting within that capacity.

7.      Plaintiff is further informed, and believes, and on that basis alleges that one or more of the remaining named and/or unnamed Defendants are the successors of one or more of the remaining named and/or unnamed Defendants.  Such successors are liable for the occurrences, damages, and injuries alleged herein to the same extent its predecessors are liable for the alleged occurrences, damages and injuries.

8.      Plaintiff alleges that Defendants acted as the employers and/or joint employers of Plaintiff, and that they shared control of Plaintiff as an employee, either directly or indirectly.  This control includes, but is not limited to, the authority to hire and fire, assign work tasks, engage in day-to-day supervision of employees, and controlling employee records.

9.      Plaintiff alleges that Defendants were the alter-egos of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed Defendants.  Plaintiff alleges that Defendants were acting on behalf of each other in the establishment of, ratification of, and/or execution of the illegal practices and policies as set forth in this pleading.  Plaintiff is further informed and believes, and thereon alleges that at all time relevant hereto Defendants had decision-making responsibility for, and establishment and execution of, illegal practices and policies for each other and are, therefore, liable on the causes of action herein.

10.     Plaintiff further alleges that Defendants failed to adhere to corporate

Keshk, Silverstein, & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

2
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

and legal formalities. Plaintiff alleges, that at all material times, one or more of each unnamed Defendants was in some fashion, by statute, law or otherwise, the agent, agency, branch, department or the like of one or more of the remaining named and/or unnamed Defendants for the acts alleged herein and was acting within that capacity.

11. Plaintiff further alleges that there exists such a unity of interest and ownership between Defendants that the individuality and separateness of those Defendants have ceased to exist. The business affairs of Defendants are, and at all times relevant hereto were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants were used as mere shells and conduits for the conduct of certain of other Defendants' affairs. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff. Accordingly, Defendants constitute the alter egos of each other, and the fiction of their separate existence must be disregarded at law and in equity, because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

## GENERAL ALLEGATIONS

12. Plaintiff became employed by Defendants on or about November 2011, until his wrongful termination on or about June 26, 2013.

13. Throughout his employment with Defendants, Plaintiff performed his duties in a competent and satisfactory and manner.

14. From in or around November 2011 until in or around June or July 2012, Plaintiff worked as a security officer for Defendant. In approximately June or July 2012, Plaintiff was promoted to a Sergeant, and continued to work as a Sergeant until his wrongful termination on approximately June 26, 2013.

15. From on or around May 24, 2013 through May 25, 2013, Plaintiff took leave under the Family and Medical Leave Act ("FMLA") to care for the serious

Kesluk, Silverstein, & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

3
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

health condition of his wife which required hospital care. He provided Defendant's Human Resources office with notice and a doctor's note explaining the need for the family care leave. Defendant's Human Resources Director Gloria Schaffer and/or Security Director Larry Goebel did not approve of Plaintiff taking this family care leave, and thereafter attempted to find a reason to terminate Plaintiff's employment because he exercised his right to family care leave under the FMLA.

16. Approximately a week or two after Plaintiff took the family care leave, in or around June 2013, Security Director Goebel pulled Plaintiff into his office, told Plaintiff that Plaintiff had engaged in "fraud," and that Director Goebel was investigating Plaintiff's "fraud" because Plaintiff had taken a family care leave for someone other than his wife. Director Goebel informed Plaintiff that Defendant's Human Resources Director Gloria Schaffer had told him [Goebel] that Plaintiff was not married. By this point, Director Goebel had already resolved to terminate Plaintiff's employment because he took family care leave in May 2013. Extremely confused by the accusation, Plaintiff informed Director Goebel that that the leave was indeed for the care of his wife. Director Goebel then demanded that Plaintiff prove that he was married. In response, Plaintiff showed Director Goebel photographs of his wedding on his mobile phone. Director Goebel then ordered Plaintiff to submit a copy of his marriage certificate to Human Resources to prove that he was married. Plaintiff did so the next day.

17. Even though Security Director Goebel and Human Resources Director Schaffer knew that Plaintiff's family care leave was covered by the Family and Medical Leave Act (FMLA), and that the leave was indeed taken for the serious health condition of Plaintiff's legal wife, they nevertheless kept with their decision to terminate Plaintiff's employment because of the family care leave he took in May 2013. On approximately June 26, 2013, within a week or so of Plaintiff providing Defendant with proof of his legal marriage as requested, Director Goebel and Defendant's Commander of Operations Bedros Ohanian, with the approval of

Keshk, Silverstein, & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

4

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

Defendant's Vice President Howard Sherman and Human Resources Director Schaffer, told Plaintiff that his employment with Defendant was being terminated. They provided Plaintiff with no reason or explanation for his termination.

# FIRST CAUSE OF ACTION
# RETALIATION IN VIOLATION OF FMLA
### (Against Defendants and DOES 1-35, inclusive)

18. Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

19. Plaintiff was an employee of Defendant who was qualified for leave to care for the serious health condition of his wife requiring hospital care, under 29 U.S.C. §§ 2615, *et seq*.

20. Plaintiff was eligible for, and needed time off to care for his wife who had a serious health condition, and Plaintiff was qualified for protected leave under Family and Medical Leave Act to care for his wife's serious health condition.

21. Defendant knew that Plaintiff's family care leave taken in May 2013 was leave that was protected under the Family and Medical Leave Act.

22. Defendant was an employer subject to the requirements of the Family and Medical Leave Act, and it had a legal duty not to interfere with Plaintiff's rights under that Act, or to retaliate against Plaintiff for seeking or obtaining leave under that Act.

23. Defendant terminated Plaintiff's employment in retaliation for requesting and taking leave that was protected under the Act. Defendant's acts were a willful violation of the Family and Medical Leave Act.

24. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain, economic damages in earnings and other

Kesluk, Silverstein, & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

5
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

employment benefits in an amount according to proof.

25. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain, non-economic damages and emotional distress.

26. Plaintiff has sustained general, liquidated, and special damages within the jurisdictional limits of this Court.

27. The acts and conduct of Defendant's managing agents, including but not limited to, Defendant's Director Goebel, Commander of Operations Bedros Ohanian, Vice President Howard Sherman and Human Resources Director Gloria Schaffer, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

28. The acts and conduct of Defendant's managing agents, including but not limited to, Defendant's Director Goebel, Commander of Operations Bedros Ohanian, Vice President Howard Sherman and Human Resources Director Gloria Schaffer, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

29. Plaintiff is entitled to attorneys' fees pursuant to U.S.C. § 2617.

/ / /

/ / /

Keshuk, Silverstein, & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

6
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and DOES 1 through 35, jointly and severally, as follows:

1. For economic damages according to proof;
2. For non-economic damages according to proof;
3. For liquidated damages pursuant to U.S.C. § 2617;
4. For prejudgment interest;
5. For declaratory and injunctive relief;
6. For reasonable attorneys' fees pursuant to U.S.C. §§ 2617, *et seq.*;
7. For costs of suit herein incurred; and
8. For such other relief as the court deems proper.

DATED: AUGUST 16, 2016          KESLUK & SILVERSTEIN, P.C.


By  /S/ Mia Munro
Douglas N. Silverstein, Esq.
Mia Munro, Esq.
Attorneys for Plaintiff
ROBERT KALESTIAN

Kesluk, Silverstein, & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

7
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES