UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-05928-CAS(SKx) | Date | October 21, 2016 |
|---|---|---|---|
| Title | ROBERT KALESTIAN v. PERFORMING ARTS CENTER OF LOS ANGELES COUNTY ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) - DEFENDANT PERFORMING ARTS CENTER OF LOS ANGELES' MOTION TO DISMISS (Dkt. 11, filed September 12, 2016)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of October 24, 2016 is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION

On June 24, 2016, plaintiff Robert Kalestian filed a complaint in the Los Angeles County Superior Court against defendants Performing Arts Center of Los Angeles County and Does 1–35, inclusive. Dkt 1-2, Ex. A. The complaint alleged one cause of action: interference and retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2615 et seq. Dkt 1-2, Ex. A.

On August 9, 2016, defendant Performing Arts Center of Los Angeles County ("defendant") removed this action to this Court. Dkt. 1. On August 16, 2016, the parties stipulated to plaintiff's filing a first amended complaint. Dkt. 8. Plaintiff filed his first amended complaint on August 22, 2016. Dkt. 9 ("FAC").

On September 12, 2016, defendant filed the instant motion to dismiss, arguing that plaintiff has failed to state a claim on which relief can be granted because his claim is barred by the FMLA's two-year statute of limitations. Dkt. 11 ("Motion"). Plaintiff filed his opposition on October 3, 2016, dkt. 14, and defendant filed its reply on October 7, 2016, dkt. 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                      **'O'**

| Case No. | 2:16-cv-05928-CAS(SKx) | Date | October 21, 2016 |
|---|---|---|---|
| Title | ROBERT KALESTIAN v. PERFORMING ARTS CENTER OF LOS ANGELES COUNTY ET AL. | | |

## II.   BACKGROUND

In his FAC, plaintiff alleges that he was employed by defendant beginning on or about November 2011 until he was terminated on June 26, 2013.  FAC ¶ 12.  Plaintiff was employed first as a security guard and then as a sergeant.  Id. ¶ 14.  From on or about May 24, 2013 to May 25, 2013, plaintiff took medical leave under the FMLA to care for his wife, who suffered from a health condition that required hospital care.  Id. ¶ 15.  Plaintiff provided defendant's human resources office with notice and doctor's note explaining the need for family care leave.  Id.  Plaintiff alleges that Gloria Schaffer, defendant's human resources director, and/or Larry Goebel, security director, did not approve of plaintiff's taking family care leave and "attempted to find a reason to terminate plaintiffs employment because he exercised his right to family care leave under the FMLA."  Id.

Approximately two weeks after plaintiff took family care leave, Goebel told plaintiff that plaintiff had engaged in "fraud" and that Goebel was investigating plaintiff's fraud because plaintiff had taken leave for someone other than his wife.  Id. ¶ 16.  Goebel told plaintiff that Schaffer had told Goebel that plaintiff was not married.  Id.  Plaintiff alleges that, at this point, Goebel had already resolved to terminate plaintiff because he took family care leave.  Id.  Goebel also demanded that plaintiff prove he was married.  Id.  Plaintiff showed Goebel photographs of plaintiff's wedding on his mobile phone.  Id.  Goebel ordered plaintiff to submit a copy of his marriage license to human resources to prove that he was married and plaintiff did so the following day.  Id.

Plaintiff alleges that Goebel and Schaffer did not waver from their decision to terminate plaintiff because the family care leave he took, even though they "knew" that plaintiffs leave was covered by the FMLA and that leave was taken for a serious condition of plaintiff's legal wife.  Id. ¶ 17.  On approximately June 26, 2013, Goebel and commander of operations Bedros Ohanian told plaintiff that his employment with defendant was terminated.  Id.

Plaintiff alleges that defendant terminated his employment "in retaliation for requesting and taking leave that was protected under the [FMLA]" and that "[d]efendant's acts were a willful violation of the [FMLA]."  Id. ¶ 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:16-cv-05928-CAS(SKx) | Date | October 21, 2016 |
|---|---|---|---|
| Title | ROBERT KALESTIAN v. PERFORMING ARTS CENTER OF LOS ANGELES COUNTY ET AL. | | |

## III.   LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).  A court may, however, consider exhibits submitted with or alleged in the complaint and matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-05928-CAS(SKx) | Date | October 21, 2016 |
|---|---|---|---|
| Title | ROBERT KALESTIAN v. PERFORMING ARTS CENTER OF LOS ANGELES COUNTY ET AL. | | |

that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity."  See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.).  "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim."  Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.    DISCUSSION

Defendant contends that plaintiff has failed to state a claim on which relief can be granted because plaintiff failed to bring his FMLA claim within the FMLA's statute of limitations.  Motion at 4.  In general, an action under the FMLA must be brought no later than two years after the last event constituting the alleged violation.  29 U.S.C. § 2617(c)(1).  However, where a willful violation occurs, the statute of limitations is extended to three years.  Id. § 2617(c)(2).

Plaintiff filed his original complaint more than two years, but less than three years after his employment was terminated.  Defendant argues that plaintiff is subject to the two-year limitations period because plaintiff fails to adequately plead that defendant's conduct constituted a "willful" violation of the FMLA.  Motion at 4–6.  Accordingly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:16-cv-05928-CAS(SKx) | Date | October 21, 2016 |
|---|---|---|---|
| Title | ROBERT KALESTIAN v. PERFORMING ARTS CENTER OF LOS ANGELES COUNTY ET AL. | | |

defendant argues that plaintiff's claim is time-barred.  Plaintiff, in turn, contends that he has alleged facts sufficient to state a claim for willful violation of the FMLA.

Neither the Supreme Court nor the Ninth Circuit Court of Appeals has defined willfulness under the FMLA.  However, other circuits and district courts in the Ninth Circuit have looked to the Supreme Court's definition of "willful" in the context of the Fair Labor Standards Act ("FLSA").  See, e.g., Golez v. Potter, No. 3:09-cv-0965-AJB-WMC, 2012 WL 368218 at * 4 (S.D. Cal. 2012) (collecting cases).  Under that definition, an employer acts "willfully" when he or she "either knew or showed reckless disregard for the matter of which its conduct was prohibited by the statute."  McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).  If "an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful . . . .  If any employer acts unreasonably, but not recklessly, in determining its legal obligation, then . . . it should not be . . .  considered [willful]."  Id. at 135 n.13.

Here, plaintiff alleges that defendant's conduct was "willful" and that defendant terminated plaintiff's employment in retaliation for taking family care leave.  FAC ¶ 22.  Plaintiff avers that defendant accused him of fraud for exercise his rights under the FMLA.  Id. ¶ 16. And plaintiff alleges that he was terminated shortly after he took family care leave.  Id. ¶ 17.

Courts have found that allegations similar to plaintiff's are sufficient to plead a willful violation of the FMLA.  For example, in Mesmer v. Charter Communications, Inc., No. 3:14-cv-5915-RBL, 2015 WL 3649287 (W.D. Wash. June 11, 2015), defendant argued that plaintiff had failed to adequately plead a willful violation of the FMLA such that plaintiff was not entitled to the three-year statute of limitations.  Plaintiff, an employee at a call center, alleged that he provided notice to his employer of his intent to take medical leave.  Three days after this notice, he required multiple breaks and disconnected 38 phone calls as a result of his medical condition.  Id.  at *3.  Plaintiff's employer subsequently accused plaintiff of deliberately disconnecting calls  Id.  The court concluded that, taken as true, the facts pleaded by plaintiff allowed a reasonable inference that plaintiff's employer violated his rights to exercise leave under the FMLA and retaliated.  Id. at *4.  On those facts, the court found that "[w]hether [defendant] willfully violated these rights invoking the three-year statute of limitations cannot be determined at this stage" and declined to grant defendant's motion to dismiss.  Id.  In Akin-Taylor, v. Kaiser Found. Health Plan Inc., No. 3:13-cv-00039-JCS, 2013 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:16-cv-05928-CAS(SKx) | Date | October 21, 2016 |
|---|---|---|---|
| Title | ROBERT KALESTIAN v. PERFORMING ARTS CENTER OF LOS ANGELES COUNTY ET AL. | | |

4456152, at *4 (N.D. Cal. Aug. 16, 2013), the court concluded that the plaintiff's allegations were sufficient to allege a willful violation of the FMLA where plaintiff alleged (1) that she was reprimanded and terminated for taking leave to which she was entitled and (2) that she was subjected to this treatment because of her race, national origin, and gender and not on any reasonable basis. In Anusie-Howard v. Todd, 920 F. Supp. 2d 623, 629 (D. Md. 2013), aff'd, 615 F. App'x 119 (4th Cir. 2015), plaintiff alleged that her employer denied requested FMLA leave to care for her husband. Because of this denial, plaintiff alleged that her employer forced her to use her vacation days and other time off and that she then switched to part-time work. Id. On the basis of those allegations, the court concluded that plaintiff adequately alleged willful conduct or reckless indifference. Id.; see also Villalobos v. Vilsack, No. 3:12-cv-00138-MEJ, 2012 WL 4674056, at *11 (N.D. Cal. Oct. 1, 2012) ("Crediting Plaintiff's allegations that he took leave on or about June 10, 2010, and that the Agency terminated him shortly thereafter and while still on leave, a rational jury could determine that the Agency 'showed reckless disregard' for whether its conduct was prohibited by the FMLA."); Valentine v. State Empl. Dev. Dep't, No. 2:10-cv-8717-CAS-SS, 2012 U.S. Dist. LEXIS 14792, at *23 (C.D. Cal. Feb. 6, 2012) ("Crediting plaintiff's testimony that she injured her back, asked for leave, and as a result was fired shortly thereafter, a rational jury could determine that [defendant] 'showed reckless disregard' for whether its conduct was prohibited by the FMLA."); Scharp v. Legacy Health System, No. 3:06-cv-1213-MO, 2007 WL 756716, at *4 (D. Or. Mar. 8, 2007) (concluding that the plaintiff adequately pleaded a willful violation of the FMLA where plaintiff alleged that her employer was aware that she was taking protected absences, the employer granted approval for such absences, and then fired the employee for such absences); Beekman v. Nestle Purina Petcare Co., 635 F. Supp. 2d 893, 909 (N.D. Iowa 2009) (plaintiff sufficiently pleaded a willful violation of the FMLA where she alleged in her complaint that defendant discriminated against her and fired her for exercising her rights under the FMLA and because plaintiff "allege[d] conduct that inherently states willful conduct—for example, willful actions are inherent in retaliatory conduct"); Block v. Sears Roebuck & Co., No. 2:07-cv-15323-DML-MKM, 2009 WL 36483, at *4 (E.D. Mich. Jan. 6, 2009) ("retaliation automatically includes willfulness") (quoting Lilley v. BTM Corp., 958 F.2d 746, 754 (6th Cir. 1992).

Defendants rely on Mazeau v. SHPS Acquisition Corp., No. 2:14-cv-00080-PHX-JAT, 2015 WL 1309469 (D. Ariz. Mar. 24, 2015) for the proposition that plaintiff's allegations are too conclusory to adequately allege a willful violation of the FMLA. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:16-cv-05928-CAS(SKx) | Date | October 21, 2016 |
|---|---|---|---|
| Title | ROBERT KALESTIAN v. PERFORMING ARTS CENTER OF LOS ANGELES COUNTY ET AL. | | |

motion at 5–6.  However, in <u>Mazeau</u>, the court concluded that the plaintiff failed to adequately allege a willful violation because "Plaintiff directs the Court to no allegations in the Complaint of a willful FMLA violation by Defendants."  <u>Mazeau</u>, 2015 WL 1309469 at \*3.  That stands in contrast to the instant case, in which plaintiff expressly alleges a willful violation of the FMLA.

Accordingly, the Court finds that when evaluated in the light most favorable to plaintiff, the evidence precludes a finding as a matter of law that defendant's alleged violation of the FMLA was not willful.  Therefore, defendant's motion to dismiss plaintiff's claim for failure to bring this action under the FMLA's two-year limitations period is **DENIED**.

## V.     CONCLUSION

In accordance with the foregoing, defendant's motion to dismiss is **DENIED**. Defendant shall file an answer to plaintiff's first amended complaint within fourteen (14) days of the date of this Order.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |